# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: FORKS SPECIALTY METALS INC. | : : : : : | |
| | | MISCELLANEOUS ACTION |
| | | NO. 19-132 |
| LYNNE H. FELDMAN, ESQUIRE, Trustee for the ESTATE OF FORKS SPECIALTY METALS INC. | : : : : | |
| | | BANKRUPTCY NO. 17-18601 |
| v. | : : | ADVERSARY NO. 19-28 |
| GRAND RIVER IRONSANDS INCORPORATED, ET AL. | : : | |

## MEMORANDUM

**SURRICK, J.**                                                                                    **MAY 1, 2020**

Presently before the Court is Defendants' Motion for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d).  (ECF No. 1.)  For the following reasons, Defendants' Motion will be denied.

**I.     BACKGROUND**

This matter concerns an adversary proceeding within a Chapter 7 bankruptcy case. Pursuant to a standing administrative order of this Court, all bankruptcy matters are automatically referred to the Bankruptcy Court in the first instance.  (July 25, 1984 Bankruptcy Administrative Order.)  In the underlying bankruptcy case (*In re Forks Specialty Metals Inc.*, No. 17-18601 (Bankr. E.D. Pa.)), the trustee commenced an adversary proceeding against Defendants by way of a complaint.  (*See* ECF No. 1; *see also Feldman v. Grand River Ironsands Inc.*, Adv. Pro. No. 19-28 (Bankr. E.D. Pa.).)  On June 17, 2019, the Defendants moved before the Bankruptcy Court to dismiss the complaint for lack of personal jurisdiction and failure to state a claim.  (Adv. Pro., ECF No. 8.)  The next day, Defendants filed the instant Motion in this Court,

seeking to withdraw the bankruptcy reference so that the District Court, rather than the Bankruptcy Court, would hear the adversary proceeding in the first instance. (ECF No. 1.) The trustee filed her Response in Opposition on July 8, 2019 (ECF No. 2), and Defendants filed a Reply on July 18, 2019. (ECF No. 3.)

## II.  DISCUSSION

Defendants raise two arguments. Initially, they argue that the adversary proceeding is subject to mandatory withdrawal under 28 U.S.C. § 157(d) because they have raised a due process defense, i.e., lack of personal jurisdiction. Section 157(d) states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). However, several courts have recognized that "'a literal application of the second sentence could have the unintended result of permitting the removal of most bankruptcy matters to the district court…. As a result, the provision has been read narrowly, so that withdrawal of the reference is mandatory only where resolution of the claims will require 'substantial and material' consideration of non-code federal *statutes* that have more than a de minimis impact on interstate commerce.'" *Times Mirror Magazines, Inc. v. Las Vegas Sports News, L.L.C.*, No. 98-5768, 1999 WL 179749, at *2 n.2 (E.D. Pa. Mar. 17, 1999) (emphasis added) (quoting *In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995)).

We reject Defendants' request for mandatory withdrawal for several reasons. First, although personal jurisdiction is a matter of due process, it is not a matter of federal *statutory* law. *See id*. Second, if due process and personal jurisdiction fell into the category of "other laws of the United States," as contemplated by § 157(d), any litigant could demand removal to the

district court by raising a personal jurisdiction defense.  As the court in *Times Mirror* recognized, § 157(d) should not be read to permit removal on such a broad basis.  Third, laws subject to the mandatory provision in § 157(d) are those "laws of the United States *regulating organizations or activities affecting interstate commerce*."  28 U.S.C. § 157(d) (emphasis added).  Even if the law of personal jurisdiction constituted "other laws of the United States," it is not typically understood to regulate organizations or activities affecting interstate commerce.  Rather, the linchpin of personal jurisdiction is the limits of a court's authority over foreign or out-of-state parties.  Finally, "[n]ot every invocation of constitutional law requires withdrawal of the reference."  *In re Motors Liquidation Co.*, 538 B.R. 656, 662 (S.D.N.Y. 2015).  Indeed, bankruptcy courts routinely address personal jurisdiction arguments.  *See*, *e.g.*, *In re Flabeg Solar US Corp.*, 561 B.R. 364, 368-69 (Bankr. W.D. Pa. 2016); *In re Nortel Networks Inc.*, 545 B.R. 469, 473 (Bankr. D. Del. 2016); *In re Paques, Inc.*, 277 B.R. 615, 624-25 (Bankr. E.D. Pa. 2000).

     Next, Defendants assert that the Court should order a permissive withdrawal under the first sentence of § 157(d) because the adversarial proceeding concerns issues of state common law, rather than bankruptcy law.  The "for cause" prong of § 157(d) "is designed to give district courts discretionary power to take cases out of the Bankruptcy Court and adjudicate them under certain circumstances."  *In re Leitgeb*, No. 09-23, 2009 WL 700187, at *1 (E.D. Pa. Mar. 10, 2009) (citing *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990)).  When exercising this discretion, courts "'should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.'"  *Id*. (quoting *Pruitt*, 910 F.2d at 1168).  "In addition, '[a] court's exercise of discretion to withdraw is guided by whether (i) the underlying

proceeding involves 'core' or 'non-core' claims, and (ii) any party has asserted a right to a jury trial to which it is constitutionally entitled.'" *In re Earth Pride Organics, LLC*, 602 B.R. 1, 12-13 (E.D. Pa. 2019) (quoting *In re Portnoy*, No. 17-38, 2017 WL 3141186, at *2 (E.D. Pa. July 24, 2017)). "A proceeding is 'core' if it invokes a substantive right provided by the Bankruptcy Code or if the claim could arise only in the context of a bankruptcy case.... 'Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless 'related to' a bankruptcy case.'" *Portnoy*, 2017 WL 3141186, at *3 (quoting *Halper v. Halper*, 164 F.3d 830, 836-37 (3d Cir. 1999)).

If an adversary proceeding is a core proceeding, that weighs against the district court withdrawing the reference. Similarly, if the proceeding presents non-core claims, that favors withdrawal. *See Earth Pride Organics*, 602 B.R. at 13. However, "the mere fact [a] Complaint asserts non-core claims does not mandate withdrawal. 'Proceedings should not be withdrawn for the sole reason that they are non-core.'" *In re AgFeed USA, LLC*, 565 B.R. 556, 564 (D. Del. 2016) (quoting *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989)).

"'The party seeking the withdrawal of the reference has the burden of going forward to show the grounds for withdrawal and bears the ultimate risk of non-persuasion.'" *Earth Pride Organics*, 602 B.R. at 12 (quoting *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 805 (E.D. Pa. 2000)). Several courts have found that "only 'truly exceptional and compelling circumstances' warrant a withdrawal of reference." *Dura Automotive Sys., Inc. v. Johnson Elec. North Am., Inc.*, No. 06-13990, 2007 WL 9752833, at *2 (E.D. Mich. Apr. 23, 2007) (quoting *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990)); *In re Washington Mfg. Co.*, 133 B.R. 113, 116 (M.D. Tenn. 1991) ("[T]he Court finds that the 'cause'

standard in the non-mandatory withdrawal provision is a high one.  Thus, only a compelling cause warrants withdrawal from the automatic reference to bankruptcy under the non-mandatory provision."); *see also In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 725 (D.P.R. 1994) ("In order to insure that the exception does not swallow the rule, courts remain cautious in applying § 157(d).  As such withdrawal, even discretionary withdrawal is permitted in only a limited number of circumstances.").  Some courts also recognize that "'[e]ven if cause exists, there is no mandate that the reference must be withdrawn.'"  *Dura Automotive*, 2007 WL 9752833, at *2 (quoting 1 Collier on Bankruptcy ¶ 3.04(b)).

Defendants assert—and Plaintiff does not appear to disagree—that the adversarial proceedings, which involve alter ego and veil-piercing claims under Pennsylvania law, are "non-core" issues.  *See Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1239 (3d Cir. 1994) (recognizing that "actions by a creditor to pierce the corporate veil, or alter ego actions against the debtor corporation, are often considered non-core, 'related to' proceedings").  Defendants thus contend that if the reference is not withdrawn, this Court will have to expend judicial resources conducting a *de novo* review of the bankruptcy court's findings of fact and conclusions of law regarding the adversarial proceeding.  *See In re American Capital Equip., LLC*, 325 B.R. 372, 375 (W.D. Pa. 2005) ("In non-core matters, the bankruptcy court has more limited powers.  It may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for *de novo* review.").  We are not persuaded to withdraw the reference on this basis.

First, "the same could be said of all dispositive rulings in all non-core proceedings in bankruptcy court.  This argument 'would prevent any non-core matter from ever[] being referred to the bankruptcy court.'"  *In re Black Diamond Mining Co., LLC*, No. 10-84, 2010 WL

5173271, at *2 (E.D. Ky. Dec. 14, 2010) (quoting *In re H&W Motor Express Co.*, 343 B.R. 208, 214-15 (N.D. Iowa 2006) ("[A] party's mere threat to file objections to any future report and recommendation issued by the bankruptcy judge in a non-core proceeding is not 'cause' for withdrawal of the reference under Section 157(d).")).  Second,

> there is no indication that withdrawing the reference will somehow expedite the bankruptcy process.  While the court recognizes the possibility that the losing party before the bankruptcy court may seek to appeal from the adverse ruling, there are multiple potential possibilities as to what could occur even if this court withdraws the reference and a party is dissatisfied with this court's ruling.  In other words, it is unclear that withdrawal will expedite the bankruptcy process.

*Earth Pride Organics*, 602 B.R. at 15.  Third, upon review of the relevant dockets, there does not appear to be a jury demand in the adversary proceeding.  *See In re Northwestern Inst. of Psychiatry, Inc.*, 268 B.R. 79, 92 (Bankr. E.D. Pa. 2001) (finding that where a jury demand "has not been made and may indeed never be made," it is "appropriate not to withdraw the reference on that basis").  Finally, the remaining *Pruitt* factors, e.g., promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, and fostering the economical use of the debtors' and creditors' resources, do not weigh heavily in favor of or against withdrawal in this matter.

Ultimately, Defendants have not met their burden of showing why withdrawal is the appropriate course of action in this case.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Withdrawal of the Reference Pursuant to 28 U.S.C. § 157(d) will be denied.

An appropriate order follows.

BY THE COURT:

 /s/ R. Barclay Surrick
R. BARCLAY SURRICK, J.
